IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**LINDA BARR,**

        Plaintiff,

v.                                                                   **Civil Action No. 3:10-CV-60**
                                                                            **(BAILEY)**

**NCB MANAGEMENT SERVICES, INC.,**
**and HSBC BANK USA, N.A., a/k/a**
**HSBC RETAIL SERVICES, a/k/a**
**HSBC NORTH AMERICA HOLDINGS, INC.,**

        Defendants.

## ORDER DENYING DEFENDANT HSBC BANK NEVADA, N.A.'S MOTION TO DISMISS

Currently pending before this Court is Defendant HSBC Bank Nevada, N.A.'s Motion to Dismiss [Doc. 25], filed August 27, 2010. The plaintiff responded on September 10, 2010. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that the defendant's motion should be **DENIED**.

**I.**     **Factual Allegations**

The plaintiff, Linda Barr, alleges the following facts in the challenged First Amended Complaint [Doc. 20]. In collecting the plaintiff's $7,896.30 debt for HSBC Bank Nevada, N.A. ("HSBC"), NCB Management Services, Inc. ("NCB") communicated telephonically with the plaintiff between February 2010 and April 2010. ([Doc. 20] at ¶¶ 10-11). These communications were made, *inter alia*, with the intent to annoy, abuse, oppress, or threaten the plaintiff. (Id. at ¶¶ 16-17). In so communicating, NCB acted as an agent for HSBC, imputing liability for its acts to HSBC. (Id. at ¶ 9).

1

## II. Procedural History

On June 14, 2010, the plaintiff filed a Complaint [Doc. 1] in this Court against HSBC Bank USA, N.A., and NCB Management Services, Inc., alleging willful violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA"), W.Va. Code § 46A-2-122, *et seq*, and a claim for intentional infliction of emotional distress.

On August 17, 2010, the plaintiff moved to amend the Complaint to correct the name of Defendant HSBC, from HSBC Bank USA, N.A., to HSBC Bank Nevada, N.A. [Doc. 17]. The Court granted the plaintiff's motion on August 18, 2010, and the plaintiff filed the challenged First Amended Complaint on August 24, 2010.

On August 27, 2010, HSBC filed the pending Motion to Dismiss [Doc. 25], arguing that the plaintiff has failed to state a claim against it upon which relief may be granted. Specifically, HSBC contends that it cannot be held liable for the actions of NCB, which HSBC argues acted as its independent contractor. ([Doc. 25] at 1).

On September 10, 2010, the plaintiff filed her Response [Doc. 28], arguing that she has stated a claim upon which relief may be granted. In particular, the plaintiff argues that she has sufficiently pled agency by alleging that HSBC authorized NCB to collect on its account and provided NCB authority to negotiate the debt to accept less than the amount claimed. ([Doc. 28] at 4). Moreover, the plaintiff emphasizes that HSBC admits it had a contractual relationship with NCB, but that HSBC has failed to disclose the terms of that contract. (Id. at 2).[1]

---

[1]The Court also notes that, on August 6, 2010, NCB moved to dismiss the Complaint, arguing, *inter alia*, that the plaintiff has no private cause of action against a non-creditor pursuant to the WVCCPA. That motion has since been fully briefed, and this Court intends to certify an issue arising from that briefing.

**DISCUSSION**

I. **Motion to Dismiss Standard**

In assessing a Rule 12(b)(6) motion for failure to state a claim, the court must accept the factual allegations contained in the complaint as true. ***Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp.***, 910 F.2d 139, 143 (4th Cir. 1990). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." ***Bell Atl. Corp. v. Twombly***, 127 S. Ct. 1955, 1974 (2007) (emphasis added).

"A complaint need only give 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" ***In re Mills***, 287 Fed.Appx. 273, 280 (4th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." ***Id.*** (internal quotations and citations omitted). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancements." ***Ashcroft v. Iqbal***, — U.S. —, 129 S. Ct. 1937, 1949 (May 18, 2009)(internal quotations and citations omitted).

Additionally, a 12(b)(6) motion must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56(c) where "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). Here, HSBC has

presented to the Court an Affidavit of Charmain M. Hopper [Doc. 26-1], in which Mr. Hopper, a Business Consulting Analyst for HSBC, alleges, *inter alia*, that HSBC neither controlled nor had the right to control the collection efforts of NCB. In consideration of the 12(b)(6) motion, however, the Court has elected to exclude the affidavit, making a summary judgment standard inapplicable to the defendant's motion. See Fed. R. Civ. P. 12(d).

## II.   Analysis

In its motion, HSBC argues that it cannot be held liable for NCB's actions because NCB acted solely as its independent contractor. In support of this argument, HSBC cites ***Judy v. Fidelity Nat'l Collection***, 2003 U.S. Dist. LEXIS 27547 (N.D. W.Va. Nov. 7, 2003). For the reasons that follow, however, the Court finds that application of the rule articulated in ***Judy*** would be premature.

In ***Judy***, the Honorable Frederick P. Stamp, Jr., granted summary judgment in favor of West Virginia University Hospital ("WVUH") on a debtor's claim that the hospital was liable for the acts of Fidelity National Collections ("Fidelity"), a debt collection agency WVUH hired. ***Judy***, 2003 U.S. Dist. LEXIS at *24. In reaching his decision, Judge Stamp found that Fidelity acted solely as an independent contractor for WVUH. ***Id.*** at *23. First, WVUH had cited a provision in its contract with Fidelity that stated, "Hospital and Collector shall remain independent contractors." ***Id.*** Second, the debtor had failed to present "any evidence to establish that WVUH exercised control or supervision over Fidelity." ***Id.*** On these bases, Judge Stamp concluded, "Because this Court finds that WVUH has established that it neither controlled nor had the right to control the work of Fidelity and [the debtor] has not provided any evidence to the contrary, WVUH cannot be held vicariously

4

liable for the acts of Fidelity." *Id.* at *24.

Unlike in *Judy*, the issue of whether NCB acted as HSBC's agent or independent contractor comes to the Court on a 12(b)(6) motion. As the plaintiff indicates, HSBC admits it had a contractual relationship with NCB, but has failed to disclose the terms of that contract. Moreover, because the parties' Rule 26(f) planning meeting could have only been conducted, at the earliest, on August 16, 2010,[2] the plaintiff has had little opportunity to conduct discovery. *See* Fed. R. Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order."). As such, the plaintiff has had no real opportunity to discover facts to more sufficiently allege that HSBC either controlled or had the right to control the work of NCB. Further, any argument by HSBC that these elements have not been satisfied is properly construed as a defense not before the Court on a 12(b)(6) posture. Accordingly, the Court finds that HSBC's motion to dismiss should be **DENIED**.

## **CONCLUSION**

For the foregoing reasons, the Court finds that Defendant HSBC Bank Nevada, N.A.'s Motion to Dismiss **[Doc. 25]** should be, and hereby is, **DENIED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record.

---

[2]On this date, the Court entered a First Order and Notice [Doc. 15], requiring the parties to conduct their Rule 26(f) meeting on or before September 16, 2010.

5

**DATED**: September 16, 2010.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE