**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**LINDA BARR,**

                Plaintiff,

**v.**                                    **Civil Action No. 3:10-CV-60
(BAILEY)**

**NCB MANAGEMENT SERVICES, INC.,
and HSBC BANK NEVADA, N.A.,**

                Defendants.

<u>**ORDER CERTIFYING ISSUE TO
SUPREME COURT OF APPEALS OF WEST VIRGINIA**</u>

Currently pending before this Court is Defendant NCB Management Services, Inc.'s Motion to Dismiss [Doc. 13], filed August 6, 2010. The motion, having been fully briefed, is now ripe for decision.

In its motion, NCB seeks to dismiss the plaintiff's claim under the West Virginia Consumer Credit and Protection Act, contending that a consumer has no private cause of action against a non-creditor debt collector under the Act.

**I.**    <u>**Issue Certified**</u>

Whether a consumer has a private cause of action against a non-creditor debt collector pursuant to the West Virginia Consumer Credit and Protection Act, W.Va. Code § 46A-2-122, *et seq.*

**II.**    <u>**Statement of the Case**</u>

The plaintiff, Linda Barr, alleges the following facts in the challenged First Amended Complaint [Doc. 20]. In collecting the plaintiff's $7,896.30 debt for HSBC Bank Nevada,

N.A. ("HSBC"), NCB Management Services, Inc. ("NCB") communicated telephonically with the plaintiff between February 2010 and April 2010.  ([Doc. 20] at ¶¶ 10-11).  These communications were made, *inter alia*, with the intent to annoy, abuse, oppress, or threaten the plaintiff.  (Id. at ¶¶ 16-17).

On June 14, 2010, the plaintiff filed a Complaint [Doc. 1] in the United States District Court for the Northern District of West Virginia against HSBC Bank USA, N.A.[1], and NCB Management Services, Inc., alleging willful violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA"), W.Va. Code § 46A-2-122, *et seq*, and a claim for intentional infliction of emotional distress.  On August 6, 2010, NCB filed the pending Motion to Dismiss [Doc. 13], arguing that the plaintiff has failed to state a claim upon which relief may be granted.

## III.   Arguments of Parties

In its 12(b)(6) motion, NCB argues, *inter alia*, that the plaintiff's WVCCPA claims should be dismissed because a consumer has no private cause of action against a non-creditor debt collector under the WVCCPA.  First, NCB admits it is a "debt collector" as defined by the WVCCPA[2] and NCB denies it is a creditor as defined by the WVCCPA.[3]

---

[1]The plaintiff has since amended the Complaint to correct the name of Defendant HSBC, from HSBC Bank USA, N.A., to HSBC Bank Nevada, N.A [Doc. 20].

[2]The WVCCPA defines a "debt collector" as "any person or organization engaging directly or indirectly in debt collection."  W.Va. Code § 46A-2-122(d).

[3]The WVCCPA defines a "creditor" as "an institution, the deposits of which are insured by the Federal Deposit Insurance Agency, the National Credit Union Share Insurance Fund, or a subsidiary of such an institution, or a subsidiary of a holding company owning such an institution . . .."  W.Va. Code § 46A-3-109a(a)(5).  The Court notes, however, that this provision cannot be the end-all definition of a "creditor," as the provision is "for the purposes of this section only."  Id.

Next, NCB argues, the main "remedies" section of the WVCCPA applies solely to creditors. In so arguing, NCB specifically cites W.Va. Code § 46A-5-101, which is titled "Effect of violations on rights of parties; limitation of actions." NCB emphasizes that this section refers only to "creditors" and not once to "debt collectors."

In response, the plaintiff presents four (4) bases in support of her argument that she has stated a WVCCPA claim against NCB upon which relief may be granted. First, NCB admits it is a "debt collector" as defined by the WVCCPA. Second, NCB's conduct, as alleged by the plaintiff, constitutes "debt collection" as defined by the WVCCPA.[4] Third, as held by the Supreme Court of Appeals of West Virginia, "the plain meaning of W.Va. Code § 46A-2-122 requires that the provisions of article 2 of Chapter 46A regulating improper debt collection practices in consumer credit sales must be applied alike to all who engage in debt collection, be they professional debt collectors or creditors collecting their own debts." *Thomas v. Firestone Tire & Rubber Co.*, 164 W.Va. 763, 769, 266 S.E.2d 905, 909 (1980). Fourth, a holding that the WVCCPA creates no private cause of action for a consumer to seek recovery for violations committed by non-creditor debt collectors "would permit some of the worst violators, third party debt collectors, to engage in prohibited conduct with no consequences." ([Doc. 14] at 4).

In reply, NCB first points out that other remedies are also only available for violations committed by creditors. For example, W.Va. Code § 46A-5-105 provides that a "creditor" who has willfully violated the WVCCPA may be penalized by the cancellation of debt. Next,

---

[4]The WVCCPA defines "debt collection" as "any action, conduct, or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due by the consumer." W.Va. Code § 46A-2-122(c).

NCB argues that the plaintiff's assertion that finding no private cause of action would allow no penalty against unlawful practices by debt collectors is without merit. The plaintiff's assertion, NCB argues, ignores the criminal and administrative penalties of the WVCCPA as well as the penalties available under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* For example, appropriate remedies for sanctioning inappropriate conduct of non-creditor debt collectors are found in W.Va Code §§ 46A-7-110 (empowering the Attorney General to temporarily restrain suspected abusers) and 46A-6-111(2) (empowering the Attorney General to bring a civil action against a creditor "or other person" for willfully violating the WVCCPA).

## IV. The Court's Development of the Issue

The issue presented by the arguments of the parties is, as outlined above, whether a consumer has a private cause of action against a non-creditor debt collector pursuant to the WVCCPA. This Court's research, as well as that of the parties, does not disclose any decision of the Supreme Court of Appeals of West Virginia (the "Supreme Court of Appeals") which addresses the issue. Inasmuch as the answer to the issue "may be determinative of an issue in a pending cause in the certifying court" and "there is no controlling appellate decision," the Supreme Court of Appeals has jurisdiction to answer a certified question from this Court. W.Va. Code § 51-1A-3. The Court will now outline its reasoning which led to this conclusion.

### A. Scope of the Issue

The Court found it proper to initially determine the scope of the issue presented by the parties' briefing. First, the question is not whether the WVCCPA *applies* to a non-creditor debt collector. That question the Supreme Court of Appeals has answered in the

4

affirmative. *See* **Thomas v. Firestone Tire & Rubber Co.**, 164 W.Va. 763, 769, 266 S.E.2d 905, 909 (1980). It follows then that a non-creditor debt collector can *violate* the WVCCPA. Thus, the only remaining issue one of remedies. Specifically, does a consumer has a private cause of action against a non-creditor debt collector?

### B. Remedies Provided by the Act

As is proper, this Court first attempted to find the answer to this question in the WVCCPA, itself. The obvious starting point is Article 5, titled "Civil Liability and Criminal Penalties." Its first section, titled "Effect of violations on rights of parties; limitation of actions," states, in pertinent part, as follows:

> (1) If a *creditor* has violated the provisions of this chapter applying to [*inter alia*] any prohibited debt collection practice . . . , the consumer has a private cause of action to recover actual damages and in addition a right in an action to recover *from the person violating this chapter* a penalty in an amount determined by the court not less than one hundred dollars nor more than one thousand dollars . . ..

W.Va. Code § 46A-5-101(1) (emphasis added).

From this provision, it is unclear to the Court whether the Legislature intended to expressly provide a private cause of action for a non-creditor debt collector. First, the provision only explicitly refers to a "creditor." Second, the provision appears to provide for a scenario in which another violator can be sued privately by a consumer, but the Legislature chose only to refer generically to "the person violating this chapter." This confusion is compounded, when one reviews a defense provision in the same section:

> (8) If the *creditor* establishes by a preponderance of evidence that a violation is unintentional or the result of a bona fide error of fact notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation or error, no liability is imposed under subsections *(1)*, (2) and (4) of this section . . ..

W.Va. Code § 46A-5-101(8) (emphasis added).

In this provision, the Legislature allows a "creditor" to have a defense to liability based upon its act being unintentional or an error. The Legislature, however, provides no similar defense to "the person violating this chapter." The Court finds it unlikely that the Legislature would provide a defense exclusively to a creditor. Thus, it is equally unlikely that the Legislature's language in subsection (1), i.e., "the person violating this chapter," provides a private cause of action against a non-creditor debt collector.

In accepting, *in arguendo*, that W.Va. Code § 46A-5-101 provides no private cause of action for a consumer against a non-creditor debt collector, the Court proceeded to research the availability of other remedies. Specifically, the Court followed NCB's argument to its logical, or illogical, conclusion. In briefing, NCB argues that a consumer would not go without a remedy against a non-creditor debt collector in the absence of a private cause of action. Instead, NCB argues, the WVCCPA empowers the State's Attorney General to bring civil actions against non-creditor debt collectors. In so arguing, NCB cites W.Va. Code § 46A-7-111, titled "Civil actions by Attorney General." That section provides, in pertinent part, that:

> (2) The attorney general may bring a civil action against a *creditor or other person* to recover a civil penalty for *willfully* violating this chapter . . ..

W.Va. Code § 46A-7-111(2) (emphasis added).

Accepting this argument would again be premised upon a finding that the Legislature intended the "other person" to be a non-creditor debt collector. However, even accepting this premise as true, the argument loses its persuasiveness in that the Attorney General is only empowered to bring civil actions for *willful* violations of the WVCCPA. It is clear from

6

Article 5 that the Legislature distinguishes between willful and non-willful violations. After all, the Legislature included an entire section devoted to willful violations. *See* W.Va. Code § 46A-5-103 (making certain debt collection practices misdemeanors punishable by a fine not more than one thousand dollars, or imprisonment not more than one year, or both). As such, if there is no private cause of action, a non-creditor debt collector's non-willful violations would go unsanctioned. This appears illogical and incongruous to suggest that a non-creditor debt collector could non-willfully violate the WVCCPA and evade liability.

Finding no definitive answers in the WVCCPA, the Court surveyed the West Virginia case law on the issue, both state and federal. The Court found no case directly on point. No court addressed the issue of a private cause of action against a non-creditor debt collector. Interestingly, though, the Court found a case in the United States District Court for the Southern District of West Virginia, in which the Honorable Judge Dennis R. Knapp granted summary judgment in favor of a consumer who had brought a civil action against ACB Business Services, Inc., a debt collection agency. ***Chapman v. ACB Business Services, Inc.***, 1997 U.S. LEXIS 23743, *12 (S.D. W.Va. Feb. 13, 1997). In particular, Judge Knapp found that the non-creditor debt collector had violated W.Va. Code § 46A-2-124(f) and that the debt collector should be penalized in the amount of $2,000.00. ***Id.*** In so doing, it can only be assumed, as it is not made explicit in his opinion, that Judge Knapp acted on the premise that the WVCCPA provides a consumer a private cause of action against a non-creditor debt collector.

Once the Court had exhausted its research of West Virginia law on the issue, it

determined the next logical step was to explore the sources of the WVCCPA.

## C. Sources of the Act

In a footnote, the Supreme Court of Appeals once gave much-needed insight into the sources of the WVCCPA:

> In its present form the West Virginia Consumer Credit and Protection Act is a unique compilation of consumer protection concepts. It is a hybrid of the Uniform Consumer Credit Code and the National Consumer Act and some sections from then-existing West Virginia law.

***Clendenin Lumber & Supply Co., Inc. v. Carpenter***, 172 W.Va. 375, 379, 305 S.E.2d 332, 336 n.4 (1983) (internal citation omitted).

In providing this insight, the Supreme Court of Appeals cited what appears to be one of the most preeminent law review articles written on the history and scope of the WVCCPA, a 1975 article by Professor Vincent P. Cardi of the West Virginia University College of Law. *See* Cardi, THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT, 77 W.Va. L. Rev. 401 (1975). In the Appendix to that article, Professor Cardi created a table with "cross references to provisions in the Uniform Consumer Credit Code and the National Consumer Act which are similar to the corresponding sections of the [WVCCPA]." Cardi, *supra* at 520. For example, W.Va. Code § 46A-5-101 is almost exclusively derived from sections 5.302-04 of the National Consumer Act ("NCA"). Cardi, *supra* at 523. Those provisions provide, in whole, that:

> Section 5.302
>
> (1) A consumer may recover from *the person* violating this Act the damages the law otherwise allows, ten percent of the transaction total, if applicable, or $100, whichever is greater, for violations to which this Section applies.
>
> (2) This Section also applies to all violations for which no other remedy is

8

specifically provided.

Section 5.303

A consumer may recover from *the person* violating this Act the damages which the law otherwise allows, twenty percent of the transaction total, if applicable, or $200, whichever is greater, for violations to which this Section applies.

Section 5.304

A consumer may recover from *the person* violating this Act the damages which the law otherwise allows, thirty percent of the transaction total, if applicable, or $300, whichever is greater, for violations to which this Section applies.

FIRST FINAL DRAFT OF THE NATIONAL CONSUMER ACT, §§ 5.302-304 (1970) (emphasis added).

Absent from these sections is an exclusive reference to creditors. Instead, the NCA allows a consumer to recover from "the person" violating its provisions. Thus, in drafting the WVCCPA, it would appear the Legislature intentionally made reference to creditors. This conclusion seems to garner some support from a review of other states which modeled their consumer credit codes after the NCA.

### D.    Similar State Consumer Credit Codes

According to the National Consumer Law Center's[5] official website, Wisconsin and

---

[5]As described by Professor Cardi, "[t]he National Consumer Law Center was established at Boston College Law School in June of 1969 under the auspices of the Office of Economic Opportunity (OEO). The Center is designed to aid the poor in the United States through study and reform of legal doctrine which work to their detriment. The Center also assists over 2000 legal services attorneys across the country with consumer law problems." Cardi, *supra* at 408 n. 36. The Center drafted the NCA as a proposed act from which states could model their consumer credit codes.

Iowa also derived their consumer credit codes from the NCA.[6] As shown below, neither state appears to limit its remedies sections to provide a private cause of action only against a creditor.

### 1. Wisconsin Consumer Act

The Wisconsin Consumer Act contains a remedies section in its debt collection chapter, Wis. Stat. § 427.105, as well as a complete chapter for remedies and penalties, Wis. Stat. chap. 425. Section 427.105 provides, in pertinent part, that:

> (1) A person injured by violation of this chapter may recover actual damages and the penalty provided in [section] 425.304 . . ..

Wis. Stat. § 427.105(1).

> Section 425.304 provides, in whole, as follows:
>
> *A person* who commits a violation to which this section applies is liable to the customer in an amount equal to the greater of:
>
> > (1) Twice the amount of the finance charge in connection with the transaction, except that the liability under this subsection shall not be less than 100 nor greater than 1,000; or
> >
> > (2) The actual damages, including any incidental and consequential damages, sustained by the customer by reasons of the violation.

Wis. Stat. § 425.304 (emphasis added).

Thus, it appears Wisconsin's legislature chose to follow the NCA more closely by not providing any express or implied limitation to creditors.

### 2. Iowa Consumer Credit Code

The remedies section of Iowa Consumer Credit Code, Iowa Code § 537.5201, more

---

[6]According to the Center's website, the NCA was also the foundation for the Fair Debt Collections Practices Act, a federal act which applies *only* to non-creditor debt collectors. *See* 15 U.S.C. 1692a(6).

closely parallels that of the WVCCPA. In fact, a few of the subsections are nearly identical to their West Virginia counterparts. For example, both states' subsections regarding excess charges use the terms "creditor" and "person." Iowa Code § 537.5201.2-3; W.Va. Code § 46A-5-101(3)-(4). However, their private cause of action subsections as well as their defense subsections differ substantially.

First, Iowa's private cause of action subsection provides, in pertinent part, that:

1. The consumer . . . has a cause of action to recover actual damages and in addition a right in an action . . . to recover from *the person* violating this chapter a penalty in an amount determined by the court, but not less than one hundred dollars nor more than one thousand dollars . . ..

Iowa Code § 537.5201.1 (emphasis added).

Second, Iowa's defense section provides, in whole, as follows:

7. *A person* may not be held liable in any action brought under this section for a violation of this chapter if *the person* shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid the error.

Iowa Code § 537.5201.7 (emphasis added).

In contrast, West Virginia's private cause of action section appears to focus on the "creditor" but also mentions "the person." *See* W.Va. Code § 46A-5-101(1). Then, however, West Virginia's defense section provides an error defense only to a "creditor." *See* W.Va. Code § 46A-5-101(8).

Therefore, a review of Iowa's and Wisconsin's counterparts to the WVCCPA only adds to the confusion caused by our Legislature's consistent emphasis on "the creditor" in providing remedies under the WVCCPA.

## V.     Conclusion

In sum, a review of the WVCCPA, West Virginia case law, sources of the WVCCPA, and counterparts to the WVCCPA, does not produce a definitive answer as to whether a consumer has a private cause of action against a non-creditor debt collector under the WVCCPA.  For this reason, it is hereby **ORDERED** that the question stated above, in Part I, is **CERTIFIED** to the Supreme Court of Appeals of West Virginia.  It is further **ORDERED** that this action is **STAYED** pending final action of the Supreme Court of Appeals of West Virginia.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record herein, and to the Supreme Court of Appeals of West Virginia.

**DATED**: September 20, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE